1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney

2  HALLIE HOFFMAN (CABN 210020)
3  Chief, Criminal Division

4  DANIEL PASTOR (CABN 297948)
   LINA PENG (NYBN 5150032)
5  Assistant United States Attorney

6     450 Golden Gate Avenue, Box 36055
      San Francisco, California 94102-3495
7     Telephone: (415) 436-6778
      FAX: (415) 436-7234
8     daniel.pastor@usdoj.gov

9  Attorneys for United States of America

10                           UNITED STATES DISTRICT COURT

11                          NORTHERN DISTRICT OF CALIFORNIA

12                                SAN FRANCISCO DIVISION

13
   UNITED STATES OF AMERICA,            ) NO. CR19-0230 EMC
14                                      )
         Plaintiff,                     ) [PROPOSED] ORDER TO EXCLUDE TIME
15                                      ) FROM MARCH 13, 2020 THROUGH JUNE 15,
      v.                                ) 2020
16                                      )
   OSCAR GUADRON-DIAZ,                  )
17                                      )
         Defendant.                     )
18 ─────────────────────────────────────

19
        On March 13, 2020, the parties appeared before the Court and agreed to continue the trial date in
20
   this matter to June 15, 2020 due to the emerging public health crisis caused by the spread of the
21
   coronavirus. At the appearance on March 13, 2020, the parties requested and the Court agreed that time
22
   should be excluded in this matter from March 13, 2020 through June 15, 2020. Dkt. 70.
23
        On March 16, 2020, Northern District of California Chief District Judge Phyllis J. Hamilton
24
   issued General Order No. 72, In Re: Coronavirus Disease Public Health Emergency. General Order No.
25
   72 sets forth the Court's finding that—in light of the state of emergency declared by the President of the
26
   United States and the State of Emergency declared by the Governor of California; recommendations by
27
   the Centers for Disease Control and Prevention (CDC) and other public health departments to avoid
28

large gatherings of people and to particularly avoid person-to-person contact among the elderly and other vulnerable populations; the shelter-in-place directives of the Bay Area counties; and the Court's consideration of the various interests implicated by the COVID-19 outbreak "including: the health of jurors, witnesses, parties, attorneys, the public, court staff, Probation and Pretrial Services staff, chambers staff, and judges; the constitutional rights of criminal defendants and other parties; and the public's interest in, and the court's duty to ensure, the effective and expeditious administration of justice"; the Court's reduced ability to obtain an adequate spectrum of jurors and the limitations on availability of counsel and court staff to be present in the courtroom based on COVID-19 and responses to the public health emergency—the ends of justice are served by ordering the continuances of trials commencing before May 1, 2020, and by postponing appearances with the defendant's consent. On March 23, 2020, the Court closed the San Jose courthouse entirely until April 7, 2020. General Order 73 (amended). On March 25, 2020, the Court also closed the Oakland and Eureka/McKinleyville courthouses. *Id.*

General Order 72 found that the ends of justice served by ordering continuances outweigh the interest of the public and any defendant's right to a speedy trial pursuant to 18 U.S.C. § 3161(h)(7)(A). General Order 72 applies to the above-captioned case, specifically. COVID-19 is a global pandemic. To avoid the spread of COVID-19, the state of California is currently ordered to shelter in place and "heed the current State public health directives." California Executive Order N-33-20, available at https://covid19.ca.gov/img/Executive-Order-N-33-20.pdf (issued March 19, 2020).

An exclusion of time is therefore appropriate in this case because:

The nation's public health interest in stemming the spread of COVID-19 outweighs the interest of the "public and the defendant in a speedy trial." § 31671(h)(7)(A); *see Furlow v. United States*, 644 F.2d 764 (9th Cir. 1981) (finding no Speedy Trial Act violation where the district court granted an ends-of-justice continuance following the eruption of Mt. St. Helens).

The Court may exclude time due to any "period of delay resulting from the absence or unavailability of the defendant or an essential witness," 18 U.S.C. § 3161(H)(3)(A). Here, the shelter-in-place orders limit the ability of both parties to track down and meet with witnesses and, in the case of defense counsel, to meet with the defendant despite knowing his whereabouts.

[PROPOSED] ORDER TO EXCLUDE TIME FROM MARCH 13, 2020 THROUGH JUNE 15, 2020
Case No. CR19-0230 EMC

1  Finally, a failure to grant the requested continuance would unreasonably deny the defendant the
2  reasonable time necessary for effective preparation of counsel, taking into account the exercise of due
3  diligence because counsel's ability to meet with the defendant and review discovery is constrained by
4  the State of California and the Bay Area counties' shelter-in-place orders. 18 U.S.C.
5  § 3161(h)(7)(B)(iv).  The Court may also exclude time for continuity of counsel for these reasons. *Id.*

<b>[PROPOSED] ORDER</b>

For the reasons set forth in this Court's General Order No. 72, and as set forth below in this Order, the Court finds that an exclusion from the time limits applicable under 18 U.S.C. § 3161 from March 13, 2020 to June 15, 2020, is warranted and serves the ends of justice, and outweighs the best interest of the public and the defendant in a speedy trial, in this case. 18 U.S.C. § 3161(h)(7)(A).

Responding to the COVID-19 (Coronavirus Disease) pandemic, numerous states, including California, are currently ordered to shelter in place and "heed the current State public health directives." California Executive Order N-33-20, available at https://covid19.ca.gov/img/Executive-Order-N-33-20.pdf (issued March 19, 2020). These limits serve the public interest in stemming the spread of COVID-19 and therefore serve the ends of justice. 18 U.S.C. § 3161(h)(7)(A). These realities also mean that without the requested continuance, counsel would lack reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

Therefore, and with the consent of the parties, IT IS HEREBY ORDERED that the time from March 13, 2020 through June 15, 2020 shall be excluded from computation under the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(A), (B)(iv).

IT IS SO ORDERED.

DATED: April 10, 2020

_____
EDWARD M. CHEN
United States District Judge