DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

DANIEL PASTOR (CABN 297948)
LINA PENG (NYBN 5150032)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6778
    FAX: (415) 436-7234
    daniel.pastor@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) NO. CR19-0230 EMC |
|     Plaintiff, | ) |
| | ) **[PROPOSED]** ORDER TO EXCLUDE TIME |
|   v. | ) **FROM JUNE 15, 2020 THROUGH JULY 20,** |
| | ) **2020** |
| OSCAR GUADRON-DIAZ, | ) |
|     Defendant. | ) |

On March 13, 2020, the parties appeared before the Court and agreed to continue the trial date in this matter to June 15, 2020 due to the public health crisis caused by the spread of the coronavirus and the need to limit the gathering of groups of people. At the appearance on March 13, 2020, the parties requested and the Court agreed that time should be excluded in this matter from March 13, 2020 through June 15, 2020. Dkt. 70. On May 6, 2020, the Court held a Zoom webinar with the parties and ordered that the trial date be continued to July 20, 2020 due to the COVID-19 pandemic. *See* Dkt. 80.

On May 21, 2020, Northern District of California Chief District Judge Phyllis J. Hamilton issued General Order No. 72-3, In Re: Coronavirus Disease Public Health Emergency. General Order No. 72-3

1   sets forth the Court's finding that because COVID-19 (Coronavirus Disease) outbreak remains a

2   national public health emergency, no new jury trial will begin through June 30, 2020.

3          An exclusion of time is therefore appropriate in this case because:

4          The nation's public health interest in stemming the spread of COVID-19 outweighs the interest

5   of the "public and the defendant in a speedy trial."  § 31671(h)(7)(A); *see Furlow v. United States*, 644

6   F.2d 764 (9th Cir. 1981) (finding no Speedy Trial Act violation where the district court granted an ends-

7   of-justice continuance following the eruption of Mt. St. Helens).

8          The Court may exclude time due to any "period of delay resulting from the absence or

9   unavailability of the defendant or an essential witness," 18 U.S.C. § 3161(H)(3)(A).  Here, state and

10   local health guidance limits the ability of both parties to track down and meet with witnesses and, in the

11   case of defense counsel, to meet with the defendant.

12          Finally, a failure to grant the requested continuance would unreasonably deny the defendant the

13   reasonable time necessary for effective preparation of counsel, taking into account the exercise of due

14   diligence because counsel's ability to meet with the defendant and review discovery is constrained by

15   the State of California and the Bay Area counties' public health guidance. 18 U.S.C.

16   § 3161(h)(7)(B)(iv).  The Court may also exclude time for continuity of counsel for these reasons.  *Id.*

17

18

19

20

21

22

23

24

25

26

27

28

1

**[PROPOSED] ORDER**

2        For the reasons set forth in this Court's General Order No. 72-3, and as set forth above and in

3  this order, the Court finds that an exclusion from the time limits applicable under 18 U.S.C. § 3161 from

4  June 15, 2020 through July 20, 2020, is warranted and serves the ends of justice, and outweighs the best

5  interest of the public and the defendant in a speedy trial, in this case.  18 U.S.C. § 3161(h)(7)(A).

6        Responding to the COVID-19 (Coronavirus Disease) pandemic, California, and numerous states,

7  are currently limiting large gatherings of people.  These limits serve the public interest in stemming the

8  spread of COVID-19 and therefore serve the ends of justice.  18 U.S.C. § 3161(h)(7)(A).  These realities

9  also necessitate the postponement of jury trials in this district through June 30, 2020, and limits on the

10  scheduling and number of trials that are conducted once trials resume in July 2020. In this case, public

11  health guidance limits the ability of both parties to meet with witnesses and, in the case of defense

12  counsel, to meet with the defendant.

13        Therefore, IT IS HEREBY ORDERED that the time from June 15, 2020 through July 20, 2020,

14  shall be excluded from computation under the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(A), (B)(iv).

15

16        IT IS SO ORDERED.

17

18  DATED:  June 15, 2020

19                                                    EDWARD M. CHEN
                                                      United States District Judge

20

21

22

23

24

25

26

27

28